UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
VINCENT SOTO,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

14 Civ. 4723 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Vincent Soto brings this action under 42 U.S.C. §§ 405(g) and 1383(c), seeking review of Defendant Commissioner of Social Security's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Compl., ECF No. 2.) The Defendant moves pursuant to the fourth sentence of 42 U.S.C. § 405(g) to remand this matter in order to further develop the administrative record. (*See* Motion, ECF No. 21; Mem. of Law ("Mem."), ECF No. 22.) Plaintiff has not opposed this motion, and the Defendant "has not received any written or telephone response from Plaintiff concerning [the Commissioner's] offer to remand the case." (*See* ECF No. 24.) Before this Court is Magistrate Judge James L. Cott's June 8, 2015 Report and Recommendation ("Report," ECF No. 25) in which he recommended that this Court remand Plaintiff's case to the Social Security Administration ("SSA") for further administrative proceedings.

    This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may

also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

On October 25, 2011, Plaintiff protectively filed applications for DIB and SSI, alleging a disability beginning on November 8, 2008. (*See* Report at 1-2.) Following the denial of these applications, Plaintiff testified regarding his claims in a hearing before an administrative law judge ("ALJ") on January 23, 2013. (*Id.* at 2.) The ALJ subsequently determined that Plaintiff was not disabled in a written decision dated February 8, 2013, which decision became final upon the SSA Appeals Council's denial of Plaintiff's request for further review. (*Id.*) The Defendant now moves to remand on the grounds that the ALJ insufficiently developed the medical record on Plaintiff's condition and did not advise Plaintiff of his right to legal representation at the hearing itself. (*See* Mem. at 3.)

Magistrate Judge Cott correctly found that the Defendant's motion for remand should be granted given the "meager medical record," as the ALJ did not (i) ask Plaintiff whether he received treatment from any other sources, (ii) obtain documentation of outpatient visits reflected in the record, or (iii) otherwise attempt to supplement the record with a consultative medical examination or medical expert testimony. (*See* Report at 7-8); *see also Tejada v. Apfel*, 167 F.3d

2

770, 774 (2d Cir. 1999) (citation and internal quotation marks omitted) ("[I]t is the rule in our circuit that the ALJ, unlike a judge in a trial, must . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding, even if the claimant is represented by counsel."). Magistrate Judge Cott also properly concluded that Plaintiff's "waiver of his right to representation was not adequately knowing, willing, and voluntary" on this record, and that the absence of a valid waiver can constitute a reason to remand. (*See* Report at 9); *see also Lamay v. Comm'r of Social Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (emphasis added) (internal citations omitted) ("Although a claimant does not have a constitutional right to counsel at a social security disability hearing, she does have a statutory and regulatory right to be represented should she choose to obtain counsel. *If properly informed of this right*, a claimant may waive it."), *cert. denied*, 559 U.S. 962 (2010).

Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 10-11.) Neither party filed objections to the Report, and the time to do so has expired. Having reviewed the Report for clear error, this Court adopts the recommendation in full for the reasons stated therein. The Defendant's motion is GRANTED and the matter is hereby REMANDED to the SSA for further administrative proceedings.

Dated: New York, New York
       June 25, 2015

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

3